SCOTTLYNN J HUBBARD IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244
Email: USDCCentral@HubsLaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTIN VOGEL,

      Plaintiff,

      vs.

CARDENAS MARKETS, INC. dba
CARDENAS MARKET #7; THE
BARALAT COMPANY, a
CALIFORNIA LIMITED
PARTNERSHIP,

      Defendants.

No.

**Plaintiff's Complaint**

1

## I. SUMMARY

2      1.      This is a civil rights action by plaintiff Martin Vogel ("Vogel") for

3   discrimination at the building, structure, facility, complex, property, land,

4   development, and/or surrounding business complex known as:

5
6   Cardenas Market #7
    16721 Valley Boulevard
7   Fontana, CA 92335
8   (referred to hereinafter as "the Store")

9      2.      Vogel seeks damages, injunctive and declaratory relief, attorney fees

10  and costs pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§

11  12101 et seq.) and related California statutes against: Cardenas Markets, Inc. dba

12  Cardenas Market #7; and, the Baralat Company, a California Limited Partnership

13  (collectively "Cardenas Market").

14                              ## II. JURISDICTION

15     3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

16  1343 for ADA claims.

17     4.      Supplemental jurisdiction for claims brought under parallel

18  California law—arising from the same nucleus of operative facts—is predicated

19  on 28 U.S.C. § 1367.

20     5.      Vogel's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

21                                ## III. VENUE

22     6.      All actions complained of herein take place within the jurisdiction of

23  the United States District Court, Central District of California, and venue is

24  invoked pursuant to 28 U.S.C. § 1391(b), (c).

25                               ## IV. PARTIES

26     7.      Cardenas Market owns, operates, and/or leases the Store, and

27  consists of a person (or persons), firm, and/or corporation.

28
    *Vogel v. Cardenas Markets, Inc., et al.*
    Plaintiff's Complaint
                                Page 2

8.     Vogel is a T-3 paraplegic as a result of a motorcycle accident in 1986 which left him unable to walk or stand and requiring the use of a wheelchair when traveling about in public.  Consequently, Vogel is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.     The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Vogel visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Vogel, the barriers at the Store included, but are not limited to, the following:

- Most – if not all – of the disabled parking spaces have slopes and/or cross slopes that exceed 2.0%.  Without a level parking space, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- Most – if not all – of the access aisles have slopes and/or cross slopes that exceed 2.0%.  Without a level access aisle, it is difficult for Vogel to unload/transfer from a vehicle as his wheelchair rolls and/or a lift's platform cannot sit level;

- There is no International Symbol of Accessibility mounted at the entrance that would indicate to Vogel that the Store is intended to be accessible to him;

- There is no signage at the strike side of the men's restroom door that would indicate to Vogel that the facility is intended to be accessible to him;

*Vogel v. Cardenas Markets, Inc., et al.*
Plaintiff's Complaint

Page 3

- There is no handle on the exterior of the water closet stall door, thus making it difficult for Vogel to open;

- The water closet stall door is not self-closing, thus making it difficult for Vogel to shut;

- The back grab bar does not extend far enough on the wide side, thus making it difficult for Vogel to use in transfer from his wheelchair to the water closet; and,

- The toilet tissue dispenser is mounted too far from the front of the water closet, thus making it difficult for Vogel to reach and use.

These barriers prevented Vogel from enjoying full and equal access.

11.    Vogel was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12.    Vogel also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Vogel is seeking to remove barriers unrelated to his disability.

13.    Cardenas Market knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Cardenas Market has the financial resources to remove these barriers from Cardenas Market (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Cardenas Market refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

*Vogel v. Cardenas Markets, Inc., et al.*
Plaintiff's Complaint

Page 4

14.     At all relevant times, Cardenas Market has possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   Cardenas Market has not removed such impediments and has not modified the Store to conform to accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

15.     Vogel incorporates the allegations contained in paragraphs 1 through 15 for this claim.

16.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17.     Cardenas Market discriminated against Vogel by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

18.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

19.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or

accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

20.   Here, Vogel alleges that Cardenas Market can easily remove the architectural barriers at Store without much difficulty or expense, and that Cardenas Market violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21.   In the alternative, if it was not "readily achievable" for Cardenas Market to remove the Store's barriers, then Cardenas Market violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

22.   On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

23.   The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

24.   Here, Cardenas Market violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Vogel—when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

25.   On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

---

[1]   Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Vogel v. Cardenas Markets, Inc., et al.*
Plaintiff's Complaint

26.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

27.    Here, Cardenas Market altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Vogel—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

28.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29.    Here, Cardenas Market violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30.    Vogel seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31.    Vogel also seeks a finding from this Court (i.e., declaratory relief) that Cardenas Market violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VII. SECOND CLAIM

### Disabled Persons Act

32.     Vogel incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33.     California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34.     California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36.     Here, Cardenas Market discriminated against the physically disabled public—including Vogel—by denying them full and equal access to the Store. Cardenas Market also violated Vogel's rights under the ADA, and, therefore, infringed upon or violated (or both) Vogel's rights under the Disabled Persons Act.

37.     For each offense of the Disabled Persons Act, Vogel seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38.     He also seeks to enjoin Cardenas Market from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Vogel v. Cardenas Markets, Inc., et al.*
Plaintiff's Complaint

1

2

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

3      39.     Vogel incorporates the allegations contained in paragraphs 1 through

4    30 for this claim.

5      40.     California Civil Code § 51 states, in part, that: All persons within the

6    jurisdiction of this state are entitled to the full and equal accommodations,

7    advantages, facilities, privileges, or services in all business establishments of

8    every kind whatsoever.

9      41.     California Civil Code § 51.5 also states, in part, that: No business

10   establishment of any kind whatsoever shall discriminate against any person in

11   this state because of the disability of the person.

12     42.     California Civil Code § 51(f) specifically incorporates (by reference)

13   an individual's rights under the ADA into the Unruh Act.

14     43.     Cardenas Market's aforementioned acts and omissions denied the

15   physically disabled public—including Vogel—full and equal accommodations,

16   advantages, facilities, privileges and services in a business establishment

17   (because of their physical disability).

18     44.     These acts and omissions (including the ones that violate the ADA)

19   denied, aided or incited a denial, or discriminated against Vogel by violating the

20   Unruh Act.

21     45.     Vogel was damaged by Cardenas Market's wrongful conduct, and

22   seeks statutory minimum damages of four thousand dollars ($4,000) for each

23   offense.

24     46.     Vogel also seeks to enjoin Cardenas Market from violating the

25   Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred

26   under California Civil Code § 52(a).

27

28

*Vogel v. Cardenas Markets, Inc., et al.*
Plaintiff's Complaint

IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

47.     Vogel incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

50.     Vogel alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

51.     Cardenas Market's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Vogel and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Vogel prays judgment against Cardenas Market for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Cardenas Market violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.     Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.     Attorneys' fees, litigation expenses, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.


DATED: February 25, 2015     DISABLED ADVOCACY GROUP, APLC


*/s/ Scottlynn J Hubbard IV*
SCOTTLYNN J HUBBARD IV
Attorney for Plaintiff

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Vogel v. Cardenas Markets, Inc., et al.*
Plaintiff's Complaint

Page 11